[No. 34028.   Department One.   November 7, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. HANS RICHARD
DECHMANN, *Appellant*.[1]

*Greenwood, Shiers & Presser*, for appellant.

*John C. Merkel* and *Farrell E. Cook*, for respondent.

WEAVER, J.—Defendant appeals from a judgment and sentence, and from the order of the court denying his motion to withdraw his plea of guilty.

Ten grounds are stated in support of defendant's motion to set aside his plea of guilty. We find it necessary to discuss only one of them; namely, that defendant has been denied the constitutional protection of right to counsel.

Defendant appeared without counsel. The record discloses that the following occurred when he was arraigned:

"The Court: You are charged with the crime of indecent liberties alleged to have been committed on March the

[1]Reported in 317 P. (2d) 527.

25th, to and including the 29th of March, 1956—taking indecent liberties with one [name omitted by us], a female child under the age of fifteen, to-wit, the age of ten. Where do you live? The Defendant: Poulsbo. The Court: How old are you? The Defendant: Fifty-five. The Court: Do you have a lawyer? The Defendant: No. The Court: Do you want a lawyer? The Defendant: No. The Court: You are sure you don't want one? The Defendant: No, Sir. The Court: All right, the prosecutor will read the charge to you. [Information read by the Prosecuting Attorney] The Court: The Prosecuting Attorney says that he believes you are a sexual psychopath. Do you know what that is? The Defendant: Yes, Your Honor. The Court: Well,—I don't. Well, anyway, it means,—in the first place, are you guilty or not guilty to this crime? The Defendant: Guilty."

In addition to the constitutional protection (Washington constitution, Art. I, § 22 (amendment 10)), RCW 10.40.030 provides:

"If the defendant appear without counsel, *he shall be informed by the court that it is his right to have counsel before being arraigned,* and he shall be asked if he desire the aid of counsel, and if it appear that he is unable to employ counsel by reason of poverty, counsel shall be assigned to him by the court." (Italics ours.)

■ Defendant's motion to set aside his plea of guilty should have been granted. The record discloses that he was not informed by the court that it was his right to have counsel before arraignment, as the statute requires.

■ Our conclusion is governed by our decision in *In re Wilken v. Squier,* 50 Wn. (2d) 58, 62, 309 P. (2d) 746 (1957), which was announced subsequent to the ruling of the trial court in the instant case. The same formula concerning the right to counsel was used. Of it, the court said:

"The plain mandate of our statute imposes a duty on the court to inform a defendant of his constitutional right to have the aid of counsel. Without this information or prior knowledge of his right, a defendant cannot waive his right 'intelligently and competently.' *Merely asking the defendant whether he wants a lawyer does not convey the information that he is entitled to a lawyer at public expense if he is an indigent person, nor does it impress upon him*

258

*the importance of having legal representation if his rights are to be fully protected."* (Italics ours.)

The judgment and sentence are vacated, with instructions to grant defendant's motion to withdraw his plea of guilty. Defendant shall answer the charge of the information and be dealt with by the superior court of Kitsap county according to law and in a manner consistent with the views expressed herein.

It is so ordered.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.